IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALLE KARL-HEINZ PIEPER and JOSE MONTOYA,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>640 OCTAVIA LLC, ODLAW, INC., EDWARD KOUNTZE, JEAN BOLDAN, NEIL MARTINSON, JUSTIN HUTTO, and DOES 1–20, inclusive,<br><br>　　　　　Defendants. | No. C 19-01038 WHA<br>*Related to*<br>No. C 18-01047 WHA<br><br>**ORDER GRANTING MOTION TO REMAND AND VACATING HEARING** |

**INTRODUCTION**

In this landlord-tenant dispute, plaintiffs move to remand the case to state court after defendants removed it based on diversity jurisdiction. For the reasons stated below, the motion to remand is **GRANTED** and the May 2 hearing is **VACATED**.

**STATEMENT**

Plaintiffs Kalle Karl-Heinz Pieper and Jose Montoya lived in Apartment 3 of 640 Octavia Street, a building owned by defendant 640 Octavia, LLC. In February 2018, 640 Octavia LLC initiated Lawsuit Number One against Pieper in this district, asserting claims for unlawful detainer, breach of contract, and private nuisance. A scheduling order in that action set a July 2018 deadline for the parties to seek leave to amend their pleadings. Although Pieper's answer raised 30 affirmative defenses — including retaliation, discrimination, and harassment — Pieper never sought leave to amend his pleading to name additional parties or to assert any counterclaims (Dkt. No. 1).

In December 2018, plaintiffs filed Lawsuit Number Two against defendants 640 Octavia, LLC, Odlaw, Inc., Edward Kountze, Jean Bolden, Neil Martinson and Justin Hutto in San Francisco County Superior Court. The complaint alleged 25 claims arising out of plaintiffs' tenancy at 640 Octavia Street, including negligence, tenant harassment, retaliation, discrimination, unlawful collection of rent, and breach of the warranty of habitability. According to the complaint, defendants collectively engaged in a harassment campaign in an attempt to force plaintiffs to leave their coveted rent-controlled apartment in San Francisco's Hayes Valley neighborhood (*ibid.*).

On the eve of trial in Lawsuit Number One (the related unlawful detainer action), 640 Octavia, LLC, Kountze and Bolden removed Lawsuit Number Two to this district court and moved to consolidate both. A jury has since returned a verdict in favor of Tenant Pieper in Lawsuit Number One and final judgment has been entered against 640 Octavia, LLC. In the midst of that trial, plaintiffs herein filed the instant motion to remand Lawsuit Number Two to state court (Dkt. No. 10). This order follows full briefing. Pursuant to Civil Local Rule 7-1(b), this order finds plaintiffs' motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for May 2.

**ANALYSIS**

Defendants may remove a civil action from state court to federal court pursuant to 28 U.S.C. § 1441(a). The "strong presumption" against removal jurisdiction means that the defendant bears the burden of establishing proper removal. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Specifically, defendants have the burden of showing that the district court can exercise diversity jurisdiction under 28 U.S.C. § 1332, namely, that plaintiffs have different state citizenship than all properly named defendants. All agree that plaintiffs are citizens of California for purposes of diversity jurisdiction. This order concludes that remand is required because the landlord defendants have failed to meet their burden of establishing that Hutto, a properly named defendant, is *not* a citizen of California.

1. **NO DIVERSITY OF CITIZENSHIP.**

In determining diversity jurisdiction, an individual's domicile is where he is both physically present and evinces an intention to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). The determination of an individual's domicile involves a number of factors, including current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. Domicile is evaluated in terms of "objective facts," and "statements of intent are entitled to little weight when in conflict with facts." *Id.* at 750 (citation omitted).

The landlord defendants' removal papers only included Hutto's self-serving declaration in which he attested that his "state of domicile is Tennessee, in that [he] reside[s] there and/or ha[s] resided there and intend[s] to return there." According to Hutto's earlier deposition testimony, however, he has lived at 636 Octavia Street for the past five years while working as a delivery driver. Plaintiffs also submitted unrebutted evidence that Hutto drives a vehicle with California license plates and has done so since 2017 (Hutto Dep. 16:5–24; Pieper Decl. ¶¶ 4–5; Montoya Decl. ¶¶ 4–5; Hutto Decl. ¶ 1).

Defendants argue that Hutto's current residence in California is not controlling in light of his declaration. This order disagrees. To be sure, a defendant in the first instance need only allege facts adequate to support removal jurisdiction in his removal papers. *Gaus*, 980 F.2d at 567. Where those facts are properly challenged, however, or where the court has independent cause to doubt their veracity, "the defendant bears the burden of actually proving the facts to support jurisdiction," *ibid.*, and must do so by a preponderance of the evidence, *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Here, the landlord defendants have failed to prove by a preponderance of the evidence that Hutto is a citizen of Tennessee. In the face of plaintiffs' evidence suggesting that Hutto is domiciled in California, defendants put forth nothing to corroborate the conclusory legal opinion contained in Hutto's self-serving declaration. "Federal jurisdiction must be rejected if there is any doubt as to the right of

3

removal in the first instance" and courts must resolve all doubts as to removability in favor of remand. *Gaus*, 980 F.2d at 566. Such is the case here. This order need not determine whether additional non-diverse defendants have been named in this action.[1]

### 2. NO FRAUDULENT JOINDER.

If a defendant establishes fraudulent joinder, the citizenship of the fraudulently joined party will not defeat diversity. To prove fraudulent joinder, a defendant must show that "the plaintiff fail[ed] to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." *McCabe v. Gen. Foods. Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citation omitted). "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation omitted).

This order disagrees with the landlord defendants that Hutto has been included as a "sham defendant" solely to defeat diversity jurisdiction. Plaintiffs allege that Kountze directed Hutto to surveil and harass them throughout 2017 and 2018. As part of this harassment, Hutto falsely claimed that Pieper maintained a "prostitution ring based out his apartment," "harbor[ed] fugitives that have been deported from the country before for criminal charges," was "very armed and dangerous" and had "threatened all of the neighbors and also threatened to burn down the apartment building if he is evicted." In April 2018, moreover, Hutto sent Kountze and Boldan screenshots of Pieper's "Amazon wish list" and advised Kountze to "check all of [Pieper's] light bulbs" (Amd. Compl. ¶¶ 30, 63, 71, 74–76). As defendants admit, these allegations are sufficient to plead viable claims for libel and slander. Defendants have therefore failed to establish that there is no possibility that plaintiffs could state a claim against Hutto in California state court.

---

[1] The Court is disappointed in Tenant Pieper's argument that he did not "concede" diversity jurisdiction in Lawsuit Number One. To the contrary, Pieper explicitly "stipulate[d] to subject matter jurisdiction" and agreed not to "contest jurisdiction on appeal or later on" (Case No. 18-01047, 3/28/29 Hearing Transcript). In any event, here, unlike in Lawsuit Number One, Hutto is also named as a defendant.

4

### 3. NO SEVERANCE.

Although conceding that the amended complaint pleads a viable claim against Hutto, defendants next argue that these claims should be severed from the remainder of the action under the "fraudulent misjoinder doctrine," a theory of procedural misjoinder under which plausible claims have been asserted against a party but joinder is nonetheless improper due to a lack of some real connection between the defendants. Our court of appeals has not adopted this idea, but has stated in an unpublished opinion that "[f]or purposes of discussion we will assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder." *California Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.*, 24 Fed. Appx. 727, 729 (9th Cir. 2001).

Assuming for purposes of this order that the fraudulent misjoinder theory is viable in this circuit, this order nevertheless concludes that it would be inapplicable here. All of plaintiffs' claims involve the alleged harassment and mistreatment they experienced as tenants of 640 Octavia, LLC. This is a sufficient nexus between the claims against Hutto and the claims against any non-diverse defendants. It therefore cannot be said that there is no real connection between the claims asserted against defendants. For this same reason, this order declines to sever and remand claims against any non-diverse defendants under FRCP 21, which rule permits the severance of claims against multiple defendants "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Plaintiffs' motion to remand the case to state court is accordingly **GRANTED**.

### 4. NO ATTORNEY'S FEES.

Plaintiffs request an award of costs and attorney's fees pursuant to Section 1447(c) of Title 28 of the United States Code, which provides that an order of remand "may require payment to just costs and any actual expenses, including attorney fees, incurred as a result of removal." A court has "wide discretion" in deciding whether to award attorney's fees under this provision, *Moore v. Permanente Med. Group*, 981 F.2d 443, 447 (9th Cir. 1992), but "[a]ttorney's fees should be awarded only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141

5

(2005).  Because this order cannot conclude that defendants lacked any objectively reasonable basis to remove this action, plaintiffs' request for attorney's fees is **DENIED**.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for remand is **GRANTED**, the request for attorney's fees is **DENIED**, and the May 2 hearing is **VACATED**.  The Clerk shall **REMAND** this action to the Superior Court of California, County of San Francisco and shall **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: April 30, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE